**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**ORANGEBURG DIVISION**

Chrystel Rogers,

Plaintiff,

v.

The Prudential Insurance Company of America,

Defendant.

Civil Action No. 5:26-cv-5581-MGL

**COMPLAINT**
**(Jury Trial Requested)**

---

Plaintiff Chrystel Rogers, by and through her undersigned counsel, alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff Chrystel Rogers is a citizen and resident of Orangeburg County, South Carolina. She is the surviving spouse of Christopher Neil Rogers ("Mr. Rogers") and the designated primary beneficiary entitled to 100% of the supplemental employee life insurance benefit at issue.

2. Defendant The Prudential Insurance Company of America ("Prudential") is an insurance company with its principal place of business in Newark, New Jersey. Prudential issued and administered the group insurance coverage at issue for employees of Zeus Company LLC ("Zeus"), including employees in South Carolina.

3. Zeus established or maintained the Zeus Company LLC Life Insurance Plan, Plan Number 501 (the "Plan"), an employee welfare benefit plan governed by ERISA, 29 U.S.C. § 1001 et seq. Prudential insured the benefits at issue under Group Policy G-52200. Zeus is identified in the Plan booklet as the Plan sponsor and Plan administrator.

4. Prudential served as claims administrator, decided Plaintiff's claim and appeals, and was responsible for paying benefits payable under its policy. To the extent Prudential exercised discretionary authority or control over Plan administration and benefit determinations, it acted as an ERISA fiduciary under 29 U.S.C. § 1002(21)(A).

5. Plaintiff is a beneficiary within the meaning of 29 U.S.C. § 1002(8) and brings this action under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), to recover the $200,000 optional employee life insurance benefit she claims is due under the Plan.

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1). It has personal jurisdiction over Prudential under 29 U.S.C. § 1132(e)(2), including the nationwide service provision, and Prudential's contacts with the United States.

7. Venue is proper in this District under 29 U.S.C. § 1132(e)(2) because the Plan is administered by Zeus in Orangeburg, South Carolina, and Prudential may be found in this District through its issuance and administration of the coverage at issue. Assignment to the Orangeburg Division is proper based on the Plan's administration and the events at issue in Orangeburg County.

**THE COVERAGE AND RELEVANT PLAN TERMS**

8. While employed by Zeus, Mr. Rogers elected $200,000 in supplemental employee life insurance during the June 2025 annual enrollment period. The 2025 enrollment confirmation dated June 11, 2025 lists that election, a scheduled start date of July 1, 2025, an employee cost of $17.54 with 52 deductions per year, and Plaintiff as the 100% primary beneficiary.

9. The claim materials include employer correspondence reporting that Mr. Rogers was enrolled in supplemental life insurance and was up to date with the deductions for that

coverage. Plaintiff alleges that the required contributions for the disputed coverage were deducted from his compensation.

10. The Plan's "When You Become Insured" provision states that employee insurance begins on the first day the stated enrollment, eligibility, covered-class, evidence, and other requirements are met, including that insurance is not delayed under the "Delay of Effective Date" section.

11. The Plan defines "Active Work Requirement" as follows: "A requirement that you be actively at work on a full time basis at the Employer's place of business or at any other place that the Employer's business requires you to go. You are considered actively at work during a normal vacation if you were actively at work on your last regularly scheduled workday."

12. The "Delay of Effective Date" provision states, in pertinent part: "Your Employee Insurance under a Coverage will be delayed if you do not meet the Active Work Requirement on the day your insurance would otherwise begin. Instead, it will begin on the first day you meet the Active Work Requirement and the other requirements for the insurance."

13. Prudential's internal guidance, LIFECLM 212 Active At Work Requirement, directs reviewers to use the certificate applicable to the claim. It also recognizes that an employee may satisfy active-work status on a scheduled effective date falling on a holiday or weekend when the employee was not required to work that day.

**<u>EMPLOYMENT FACTS AND THE BENEFIT CLAIM</u>**

14. Mr. Rogers suffered a stroke after his application for the optional coverage and before its scheduled July 1, 2025 start date. He remained employed by Zeus while recovering.

15. As explained in Plaintiff's June 10, 2026 appeal, Mr. Rogers remained in contact with coworkers concerning his job duties during his recovery. Coworkers contacted him on multiple occasions about passwords, instructions for specific procedures, and other work-related matters. Plaintiff asked Prudential to consider this work-related activity and the use of normal paid time off when determining coverage.

16. During its review, Prudential obtained conflicting employer information about Mr. Rogers's last day worked, leave status, and active-work status. Earlier employer correspondence identified June 17, 2025 as the last day worked.

17. On June 25, 2026, Prudential received an email from Zeus HR Generalist Malachi Waymer reporting June 13, 2025 as the last day worked and a leave of absence from June 17 through September 9, 2025. That email answered "No" when asked whether PTO days were used. It also answered "Yes" when asked whether Mr. Rogers was considered an active-at-work employee on July 1, 2025, the date the coverage was scheduled to become effective.

18. In a further June 25, 2026 email, Mr. Waymer identified June 14 and 15 as weekend nonworking days and June 16 as vacation. Prudential had these employer responses before issuing its final appeal determination.

19. Mr. Rogers died on September 10, 2025. Plaintiff submitted a claim for the $200,000 optional life benefit, identified by Prudential as Claim C-2025-1115895. Prudential received the claim and considered the death certificate, enrollment records, employer information, and Plan materials.

20. Prudential denied the claim by letter dated October 10, 2025, on the ground that the active-work requirement had not been satisfied and the optional life coverage had not become effective. Plaintiff challenged that decision by written appeal dated January 22, 2026.

21. Prudential upheld the denial on May 15, 2026. It identified July 1, 2025 as the scheduled effective date, stated that Mr. Rogers's last active-work day was June 17, 2025, and concluded that his optional coverage never took effect.

22. Plaintiff submitted a second written appeal dated June 10, 2026. That appeal expressly invoked the Plan's normal-vacation language and described Mr. Rogers's continuing communications with co-workers about job duties.

23. Prudential again upheld the denial by letter dated July 23, 2026. It changed the stated last active-work day to June 13, 2025, identified June 17 as the beginning of leave, and concluded that Mr. Rogers was not actively performing his occupation on or after July 1, 2025. It acknowledged the appeal's account of paid time off and coworker contacts but maintained that coverage never became effective.

24. The July 23 decision did not reconcile Zeus's affirmative statement that Mr. Rogers was considered active at work on July 1 with its contrary conclusion. Nor did it explain the effect of the normal-vacation language on the particular leave and work information presented or identify an evaluation of the timing, nature, and extent of the work-related assistance described in Plaintiff's appeal.

25. Prudential identified July 23, 2026 as the final level of appeal and advised Plaintiff of her right to sue under ERISA § 502(a). Plaintiff has exhausted the Plan's available administrative appeal process.

26. The Plan booklet permits a voluntary second appeal and expressly tolls any statute of limitations or other timeliness defense while that appeal is pending. It also states that suit must be filed no later than three years after proof of claim was first due. Although the May 15 denial letter instead stated a 180-day period measured from receipt of that letter, this

action is timely under the governing Plan provisions. Plaintiff does not concede that a denial letter can shorten the Plan's written limitation period.

27. Prudential has not paid the disputed $200,000 optional life insurance benefit to Plaintiff.

**FOR A FIRST CAUSE OF ACTION**
**(Recovery of Benefits Under ERISA Section 502(a)(1)(B))**

28. Plaintiff realleges paragraphs 1 through 27 as if fully set forth herein.

29. Plaintiff alleges that, properly applied to Mr. Rogers's employment, work activity, and status described above, the Plan provided the elected $200,000 optional life coverage before his death and required payment to Plaintiff as the designated beneficiary.

30. Prudential wrongfully denied the benefit by unreasonably applying the active-work and delayed-effective-date provisions without a reasoned reconciliation of the employer's affirmative July 1 active-work response, the conflicting leave information, and the work-related activity raised on appeal.

31. Prudential also failed to provide a full and fair review consistent with 29 U.S.C. § 1133, the applicable requirements of 29 C.F.R. § 2560.503-1, and the Plan's appeal procedures, including a reasoned explanation addressing the material evidence and applicable Plan provisions identified above.

32. The Plan booklet includes language purporting to confer discretion on Prudential. To the extent a valid and applicable grant of discretion governs, the denial was unreasonable and an abuse of discretion for the reasons alleged above. If no effective grant of discretion governs the disputed determination, Plaintiff seeks de novo review.

33. Prudential both decided the claim and would pay the disputed benefit from its own funds. Its resulting structural conflict of interest is a factor to be weighed in evaluating the denial under the applicable standard of review.

34. Plaintiff is entitled under 29 U.S.C. § 1132(a)(1)(B) to recover the $200,000 benefit due under the Plan and enforce her rights under its terms. Alternatively, if the Court concludes that the claim requires further administrative review rather than an immediate benefit award, Plaintiff seeks remand for a full and fair determination under the correct Plan provisions.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Prudential as follows:

A. Awarding Plaintiff the $200,000 optional life insurance benefit due under the Plan;

B. Declaring that the disputed coverage became effective before Mr. Rogers's death and that Plaintiff is entitled to its death benefit;

C. Alternatively, remanding the claim to Prudential for a full and fair review consistent with the Plan, ERISA, and the Court's instructions;

D. Awarding prejudgment interest as permitted by law, post judgment interest under 28 U.S.C. § 1961, and reasonable attorney's fees and costs under 29 U.S.C. § 1132(g)(1); and

E. Granting such other relief as is just and proper under ERISA.

*Signature Page To Follow*

Respectfully submitted,

WILLIAMS & WILLIAMS

*s/ J. Andrew Delaney*
David R. Williams [Fed Bar No. 10651]
Virginia W. Williams [Fed Bar No. 10778]
J. Andrew Delaney [Fed Bar No. 9505]
1281 Russell Street
Orangeburg, South Carolina 29115
Telephone: (803) 534-5218
Facsimile: (803) 536-6544
david@williamsattys.com
ginny@williamsattys.com
andy@williamsattys.com

*Attorneys for Plaintiff*

Orangeburg, South Carolina